# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 68 | **DATE** | 10/4/2012 |
| **CASE TITLE** | Godinez v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Pretrial conference was held on this case on September 27, 2012. The parties' motions *in limine* [47] [50] are ruled upon as stated in the statement portion of this order. Plaintiffs' motions *in limine* #1, #2, and supplemental motion *in limine* #2 are granted without objection. Plaintiffs' motion *in limine* #4 and supplemental motion *in limine* # 1 are granted. Plaintiffs' motion *in limine* # 5 is granted without objection in part, and ruling is reserved in part. Defendants' motion *in limine* #1 is granted.

Docketing to mail notices.

## STATEMENT

Presently before the court are motions *in limine* filed by plaintiffs and defendants. Motions *in limine* should be granted only if the evidence is clearly not admissible for any purpose. *See Hawthorne Partners* v. *AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If there is any question on the issue, the court should reserve ruling on questions of admissibility until they actually arise in the context of the trial rather than barring the evidence before trial. *See id.* at 1401.

**Plaintiffs' Motions *In Limine***

1. **Motion to Bar Any Previously Undisclosed Witnesses/Evidence and to Exclude Witnesses from the Courtroom**
   This motion is granted without objection.

2. **Motion to Bar Defendants from Gaining Unfair Advantage by Using Either the CLEAR System or LEADS to Investigate the Background of Jurors or to Initiate New Investigations of Witnesses Once Trial Begins**

   This motion is granted without objection.

3. **Motion to Bar the Use by Defendants of Plaintiff's Mug Shot Photos and Photos Taken by CPD**

3. **Motion to Bar the Use by Defendants of Plaintiff's Mug Shot Photos and Photos Taken by CPD Evidence Technicians**

Plaintiffs withdraw this motion.

4. **Motion to Bar All References to Plaintiffs' Neighborhood as a "High Crime Area" and Any Mention of Street Gangs**

This motion is granted. Plaintiffs argue that referring to the neighborhood where they lived at the time of the incident as a "high crime area" is irrelevant and unfairly prejudicial. This evidence, plaintiffs argue, has no bearing on the claims and defenses and has the effect of portraying them as guilty by association. Plaintiffs also seek to preclude the defendants from testifying that they were part of a gang tactical unit. Defendants argue, however, that this evidence is relevant to the totality of the circumstances, including the risk present and the reasonableness of the defendants' actions. The court grants this motion and finds that this evidence is irrelevant and unfairly prejudicial. Accordingly, the defense is precluded from referring to plaintiffs' neighborhood as high crime area, mentioning street gangs in the area, and from testifying that they were part of a gang tactical unit.

5. **Motion to Bar Witnesses' Inadmissible Criminal History**

This motion is granted without objection in part, and ruling will be reserved in part. The parties agree that prior arrests that not resulting in convictions and misdemeanor convictions not involving dishonesty or false statements are precluded. The parties, however, dispute the admissibility of two witnesses' felony convictions. Namely, on February 7, 2012, Heriberto Godinez, Jr. was convicted of aggravated battery in violation of 720 Ill. Comp. State 5.0/12-4-B-18 and on April 24, 2012, Juan Godinez was convicted of burglary in violation of 720 Ill. Comp. Stat. 5/19-1(a).

Defendants argue that if these witnesses testify at trial, evidence of their prior convictions should be admissible. Federal Rule of Evidence 609 permits attacking a witnesses's character for truthfulness by admitting evidence of a prior felony conviction that occurred within the past ten years. Fed. R. Evid. 609(a)(1). The court must weigh the probative value of this evidence against its prejudicial effect. *United States* v. *Smith*, 131 F.3d 685, 687 (7th Cir. 1995). In making this determination, a court should consider "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Id*.

Plaintiffs argue that the prejudice of referring to these witnesses' prior convictions far outweighs any probative value. Defendants argue that this evidence goes directly to the witnesses' credibility. At this time, the court reserves ruling on whether defendants can impeach Heriberto Godinez Jr. and Juan Godinez with their prior felony convictions if they testify at trial.

6. **Supplemental Motion #1 to Bar Any and All Testimony of Leah Roman**

This motion is granted. Plaintiffs seek to bar Leah Roman as a witness from testifying at trial. Roman was sprayed by a fire hydrant the day of the incident before the defendants entered the plaintiffs' residence. Roman then called her boyfriend, Defendant Estrada, who began investigating and learned that Heriberto Godinez Jr. was present near the fire hydrant. Plaintiffs argue that Roman's testimony is irrelevant in that she was not present when the defendants later entered the plaintiffs' residence. In addition, plaintiffs argue, that this evidence is prejudicial because it references their son's alleged criminal activity. The court grants plaintiffs' motion, but will allow the defense to offer testimony regarding why Defendant Estrada began investigating the fire hydrant incident that day.

7. **Supplemental Motion #2 to Bar Any Testimony or Other Evidence Regarding the Plaintiffs' Immigration Status**

This motion is granted without objection.

**Defendants' Motion *in Limine***

1.  **Motion to Bar Reference to Other Lawsuits, Other Claimed Incidents, or Defendants' Disciplinary Histories**

    This motion is granted. Defendants seek to bar evidence relating to their disciplinary histories (also referred to as complaint register files or a "CR") and other lawsuits. They argue that reference to this material would be improper propensity evidence under Federal Rule of Evidence 404(b). Plaintiffs argue that this evidence is admissible under Rule 404(b) to show knowledge, intent, and absence of mistake. Rule 404(b) provides in relevant part "that evidence of other acts is inadmissible to prove the character of a person in order to show action in conformity therewith but may be admissible for other purposes, such as proof of motive, opportunity, intent, plan, knowledge, identity, or absence of mistake or accident." *United States* v. *Hicks*, 635 F.3d 1063, 1069 (7th Cir. 2011) (internal quotations marks omitted). In a Rule 404(b) analysis, the court considers whether: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, as required by Rule 403." *United States* v. *Hicks*, 635 F.3d 1063, 1069 (7th Cir. 2011). The defendants' prior disciplinary histories and other lawsuits is attenuated from the claims at issue and is unfairly prejudicial. This evidence is thus not admissible under Rule 404(b). Defendants' motion is granted.